UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK LEE CARDELLO-SMITH,

                Petitioner,

-against-

SEAN COMBS, et al.,

                Respondents.

25-CV-5246 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Ionia Correctional Facility in Michigan, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, seeking release. He paid the $5.00 filing fee for a *habeas* petition.[1] Petitioner is incarcerated pursuant to a conviction and sentence from Wayne County, Michigan, which is located in the Eastern District of Michigan, 28 U.S.C. § 102(a)(1).[2] Accordingly, because Petitioner challenges a Wayne County conviction, the Court transfers this action to the United States District Court for the Eastern District of Michigan.

---

[1] In non-*habeas* civil actions, Petitioner has been denied leave to proceed *in forma pauperis* on the ground that he has three strikes under 28 U.S.C. § 1915(g). *See, e.g.*, *Smith v. Washington*, No. 20-1211, 2021 WL 302614, at *1 (W.D. Mich. Jan. 29, 2021) ("Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g)."). He sues numerous individuals in this action who are not proper respondents in a *habeas* petition. Petitioner also names Warden Dale Bonn, who is his custodian, as a Respondent. *See* Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254 (a "petition must name as respondent the state officer who has custody").

[2] *See Smith v. Burt*, No. 1:19-CV-759, 2020 WL 1910025, at *1 (W.D. Mich. Apr. 20, 2020) ("Petitioner pleaded nolo contendere in the Wayne County Circuit Court to three counts of first-degree criminal sexual conduct (CSC I), Mich. Comp. Laws § 750.520b, and to being a third-offense felony offender, Mich. Comp. Laws § 769.11. On May 2, 2019, the court sentenced Petitioner to three concurrent prison terms of 17 years, 6 months to 35 years.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Michigan. This order closes the case in this court.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 26, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge